UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAME SURPRIS,

                    Plaintiff,

          -against-                                    21-CV-7546 (LTS)

WHITE PLAINS POLICE DEPARTMENT;                   ORDER OF DISMISSAL
LILLIAN PRYATT-CASTRO,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

     Plaintiff, who is appearing *pro se*, filed this action alleging that Defendants arrested him

in violation of his rights. By order dated November 17, 2021, the Court granted Plaintiff's

request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the

following reasons, the Court dismisses the complaint, but grants Plaintiff thirty days' leave to

replead.

## STANDARD OF REVIEW

     The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

     While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must

include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough

factual detail to allow the Court to draw the inference that the defendant is liable for the alleged

misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the

Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept

as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not

merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff, using the court's form complaint for civil cases, brings this action against the

White Plains Police Department and Lillian Pryatt-Castro, a complainant. He seeks money

damages.

Plaintiff's complaint is difficult to understand and fails to present the events giving rise to

his claims clearly. The following information is taken from the complaint. On August 8, 2020, at

a Barnes & Noble store in White Plains, Plaintiff was questioned by a police officer and "being

coreherst [sic] into admitting some undetermined guilt." (ECF 2, at 5.) Plaintiff refers to an

"initial arrest" which "wasn't clear" and arriving at the police station and being released "from

the initial arrest." (*Id.*) Plaintiff, however, "was apprehended once again upon arrival to the

police station to file a police report" on "[t]he sergent [sic] or luitenant [sic] at the time." (*Id*.) When he attempted to file the report he was "refused and denied multiple times the name and badge number as [he] was chained to the rail inside the precinct" and "subject[ed] to verbal abuse and claims of false charges and allegations." (*Id*.) Plaintiff was also "refused the right to make a phone call." (*Id*.) While Plaintiff was in handcuffs for the second time, he was told "what they claim [he] was initially being arrested for." (*Id*. at 5-6.) He was not read his rights, but instead was released without bail. In the following year, Plaintiff had to go back and forth to court. At some point, Defendant Pryatt-Castro "recanted her statement multiple times," and the case against Plaintiff was dismissed without prejudice. (*Id*. at 6.) Plaintiff, however, "was called back to court and harassed further without evidence or proof of incident," before the case was finally dismissed.

Plaintiff alleges that, as a result of his arrest, he suffered physical and psychological injuries, humiliation, and defamation of character.

## DISCUSSION

Plaintiff brings this action without indicating the jurisdictional basis for his claims. In response to the question on the complaint form asking which of his federal constitutional or federal statutory rights have been violated, however, Plaintiff writes, "civil right- the right to use public facilities" and "the right to access public information." (ECF 2, at 2.) Because Plaintiff alleges that his federal constitutional rights have been violated, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.      **Claims against the White Plains Police Department**

Plaintiff's claims against the White Plains Police Department must be dismissed because city agencies or departments do not have the legal capacity to be sued under New York law as they are merely administrative arms of a municipality. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against City of White Plains, the Court construes the complaint as asserting claims against the City of White Plains. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson, Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691

F.3d 72, 80 (2d Cir. 2012); *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff's allegations do not suggest that the City of White Plains has a municipal policy, custom, or practice that has caused a violation of his rights. The Court therefore dismisses Plaintiff's claims against the City of White Plains for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims against Lillian Pryatt-Castro**

The Court must also dismiss Plaintiff's Section 1983 claim against Lillian Pryatt-Castro. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff does not allege that Defendant Pryatt-Castro was acting on behalf of a state or other government body rather than in her private capacity. Plaintiff therefore has not stated a claim against this defendant under Section 1983. *See, e.g.*, *Moreno v. Town of Greenburgh*, No. 13-CV-7101, 2014 WL 3887210, at *3 (S.D.N.Y. June 9, 2014) (no action where private defendant provides "false and misleading" information to prosecutors "even if the information provided is deliberately false"); *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 429 (S.D.N.Y. 2013) ("[E]ven assuming that [defendant] had deliberately provided false information to police, such provision alone is no sufficient" to make him a state actor). The Court therefore dismisses

Plaintiff's Section 1983 claims against Pryatt-Castro for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Claims of False Arrest and Imprisonment**

Plaintiff asserts that he was arrested twice by members of the White Plains Police Department and imprisoned. The Court addresses his false arrest and false imprisonment claims together, as the terms are synonymous in this context.[1] A claim for false arrest under Section 1983 incorporates the elements of a false arrest claim under state law. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted). Officers have probable cause to arrest when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013) (emphasis and citation omitted). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good

---

[1] "False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Evans v. City of New York*, 308 F. Supp. 2d 316, 329 n.8 (S.D.N.Y. 2004) (quoting *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999) (Glasser, J., dissenting)).

faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

Plaintiff has not alleged facts suggesting that the police officers did not have probable cause to arrest him on August 10, 2020. Plaintiff acknowledges that he shoplifted items from the Marshalls store, and brandished a hammer. He then ran away from store security personnel and the police, who were not in a position to know that Plaintiff had taken drugs and was hallucinating. His assertions suggest that "the facts known by the arresting officer[s] at the time of the arrest objectively provided probable cause to arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

Plaintiff alleges that he was arrested twice and falsely charged, and that the criminal charges against him were ultimately dismissed. Hefails, however,  to assert any facts suggesting that the facts and circumstances of his arrests were not sufficient to warrant the belief by a person of reasonable caution that he had committed a crime and that the police had probable cause to arrest him. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Plaintiff also fails to name as a defendant any individual who was involved in or responsible for his arrest and imprisonment. Plaintiff therefore fails to assert valid false arrest and imprisonment claims.

### D.     Malicious Prosecution Claims

Plaintiff also complains of having to go to court on multiple dates, the initial dismissal of his case and the rescission of that dismissal, and the continuation of his case without evidence or proof before it was ultimately dismissed. The Court construes these assertions as a malicious prosecution claim under the Fourth Amendment. *See Lanning v. City of Glens Falls*, 908 F.3d 19, 28 (2d Cir. 2018) ("A § 1983 claim for malicious prosecution essentially alleges a violation of the plaintiff's right under the Fourth Amendment to be free from unreasonable seizure.").

To state a claim for malicious prosecution, a plaintiff must allege that criminal proceedings were initiated or continued against him, with malice and without probable cause, and were terminated in his favor. *See Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016). Moreover, he must allege facts suggesting "that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018). A plaintiff must also allege facts suggesting that the named defendant played an "active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Id.* (quoting *Rohman*, 215 F.3d at 217). Simply reporting a crime to law enforcement and giving testimony does not constitute the "initiation" of a criminal prosecution. *Rothstein v. Carriere*, 373 F.3d 275, 293– 94 (2d Cir. 2004) (citing *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000)).

Plaintiff fails to state a malicious prosecution claim. Although he alleges that the criminal charges against him were dismissed, he does not allege that any defendant initiated a prosecution against him with malice and without probable cause. In fact, Plaintiff provides no facts regarding the charges that were brought against him or the resulting proceedings. Plaintiff's allegation of malicious prosecution, as presently pleaded, fails to state a claim on which relief may be granted.

E.      **State-law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines at this stage to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

F.      **Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say at this stage that an amendment would be futile, the Court grants Plaintiff thirty days' leave to replead his false arrest and imprisonment and malicious prosecution claims.

If Plaintiff files an amended pleading, he must provide the circumstances of his arrest and criminal proceedings to support his claims of false arrest and imprisonment and malicious prosecution. Plaintiff must clearly state the dates of his arrests, the nature of the charges, the date the charges were dismissed, who arrested him, who initiated the prosecution, and those individuals' role in the prosecution. Plaintiff must also name as defendants the individuals responsible for his arrest, imprisonment and malicious prosecution.[2]

## CONCLUSION

Plaintiff's complaint, filed under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. Plaintiff is granted thirty days' leave to replead his claims of false arrest and imprisonment and malicious prosecution.

If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing Plaintiff's federal-law claims for the reasons stated in this order, and declining to consider, under its supplemental jurisdiction, Plaintiff's claims under state law.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently **only** available by telephone.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:      November 29, 2021
            New York, New York

                                    /s/ Laura Taylor Swain
                                    _____
                                       LAURA TAYLOR SWAIN
                                    Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial         Last Name

_____

Street Address

_____

County, City                              State              Zip Code

_____

Telephone Number                          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4: _____

First Name                Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City             State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.